No. 19,523.

J. W. BROOKS, *Appellee,* v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

NEGLIGENCE — *Loading Railroad Ties — Injuries — Evidence — Findings.* The evidence examined and held to sustain special findings of fact and a general verdict in favor of the plaintiff, who was injured through the defendant's negligence while loading ties on a flat car.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed June 12, 1915. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*John W. Adams, George W. Adams,* both of Wichita, *John H. Connaughton,* and *H. E. Walker,* both of Kingman, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained because of the defendant's negligence. The plaintiff recovered and the defendant appeals.

The defendant's foreman and several men, including the plaintiff, were engaged in loading ties varying in length from eight to sixteen feet on a flat car forty feet long. Four men on the ground would lift the end of a tie upon the car, which had a roller on its edge, and then push the tie up. The foreman and the plaintiff would receive the tie, pull it up, and place it in proper position on the car. The plan was to load the long ties first, lengthwise in the ends of the car, and then place the short ties in the space left in the middle of the car. The ties were loaded from the south side of the car. In the progress of the work a tie fourteen feet long was placed on the floor of the car between two sixteen-foot ties. An eight-foot tie was handed up before the foreman was ready for it, and it was left lying on the floor of the car in the space where the plaintiff and the foreman received ties. The plaintiff called the foreman's attention to the fact that one of them might stumble over the tie and get hurt. The foreman replied, "No, I guess not; we will watch for it." After some time the plaintiff again spoke to the foreman of the danger of leaving the short tie in their way. The foreman said, "You go ahead, and I will just push this back out of the way." The plaintiff went to the south side of the car to receive a tie, and as he did so heard the foreman move the short tie behind him.

The plaintiff gave no attention to where the tie was removed because he supposed it was moved out of the way. Shortly afterward he was walking backward pulling up a tie, when the men on the ground gave it a push. The plaintiff stumbled over the short tie which the foreman had placed crosswise of the car near its north side. As the plaintiff stumbled he called out, "Catch it! Catch it! Catch it!" to the men on the ground, so they would hold the tie. Instead of this they gave it a push which sent the plaintiff over, although they could see the plaintiff's situation. His right foot caught in the space at the end of the fourteen-foot tie which had previously been placed on the floor of the car between two sixteen-foot ties. He fell over backward and off of the car and broke his right leg.

The instructions to the jury covered the subjects of a safe place in which to work, negligence in handling the tie which was pushed against the plaintiff when he was in peril, contributory negligence, and assumed risk. The jury returned the following special findings of fact:

"1. If you find that defendant was negligent, state in what such negligence consisted. Ans. By leaving the short tie crosswise of car, and the manner in which the nine-foot tie was pushed against plaintiff.

"2. Where was the tie situated over which the plaintiff stumbled? Ans. Crosswise of car, between the two piles of long ties, close to north side of car.

"3. How long had such tie been located in that place? Ans. A very short time.

"4. Did plaintiff know where such tie was located? Ans. No.

"5. If you answer question number 4 in the negative, then state what there was to prevent plaintiff from knowing the location of said tie? Ans. The nature of his position in loading the nine-foot tie.

"6. Did not plaintiff assist in placing all the ties except the one over which he stumbled, and did he not know the manner in which said ties were piled up? Ans. Yes.

"7. If plaintiff had looked would he not have seen where the tie over which he stumbled was located? Ans. Yes.

"8. How much damages do you find that plaintiff has sustained? Ans. Two Thousand Dollars ($2,000.00).

"9. Did not plaintiff's own negligence if he was negligent in failing to look for the location of the tie over which he stumbled contribute to the accident? Ans. No.

"10. Was the tie that plaintiff was handling at the time of the accident handled in any different manner than the other ties? Ans. Yes.

"11. What if anything could defendant's employees on the ground have done to prevent the accident after they discovered that plaintiff had stumbled over the tie on the car? Ans. They could of held onto the tie.

"12. Where was the section foreman, Robinson,. standing at the time plaintiff stumbled over the tie? Ans. To the right of plaintiff."

It is said that the car was a safe enough place in which to work, and that the danger connected with its use arose from the manner in which ties were placed upon it. This is perfectly true, and the foreman was negligent in not keeping the place in the center of the car, where the plaintiff was continually required to walk backward, pulling up ties, free from the wholly unnecessary obstruction which the short tie handed up out of time afforded.

It is said that the plaintiff had full knowledge of the manner in which ties were piled up on the car, realized the danger incident to continuing work with ties placed as they were, and with knowledge of the conditions and danger continued to work. This is true as to ties which were piled up, as, for example, the fourteen-foot tie lying between the two sixteen-foot ties in such a way as to leave a space in which a man's foot might be caught. It is not true as to the eight-foot tie, which was not piled up at all. The plaintiff realized the danger from this tie where it first lay. After the foreman's attention had twice been directed to this danger

he undertook to make the middle space of the car again safe by moving the tie out of the way. Instead of moving the tie out of the way he merely moved it out of the range of the plaintiff's observation. The plaintiff continued to work, but in ignorance of the new condition and of the danger which it portended.

It is said the plaintiff did not look to ascertain the new position of the tie and see if it still threatened him, although he could have discovered its position and could have avoided it if he had looked. This is true, but without weight, because the foreman had said he would move the tie, not to another place in the plaintiff's way, but out of the way. The plaintiff was not negligent in omitting measures for his own protection after the foreman had expressly undertaken to protect him.

It is said that the plaintiff must have known the position of the short tie after the foreman moved it. Doubtless the same thing was said to the jury in the argument of the case. This court can not make such a declaration contrary to the plaintiff's testimony, contrary to circumstances which make his testimony credible, contrary to the findings of the jury, and contrary to the opinion of the trial court.

The statute (Gen. Stat. 1909, § 6999) excludes the application of the fellow-servant rule. According to the foreman's own plan of loading ties the short tie was improperly on the car, and the space in the center of the car was not made dangerous by the conduct of the work being done at the time, that is, loading long ties.

It has been noted that the plaintiff assumed the risk of injury from the condition created by the long ties loaded on the car. Some were longer than others, spaces were necessarily left in which his foot might catch, and he was obliged to look out for them. But this condition was not the proximate cause of the injury. Two acts of negligence intervened, placing the

short tie in the plaintiff's way and the push given the
tie which the plaintiff was receiving after he had
called to the men on the ground to hold it.

The case was submitted to the jury on the proper
theory, the findings of fact are well sustained by the
evidence, and the judgment is affirmed.